

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Dallas Blankenship, Chairman
Criminal Jurisprudence Committee
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-3613
Re: Constitutionality of a
portion of H. B. 193,
relating to charges for
"political advertising."

Your recent request for an opinion from this department has been received and considered. We quote from your request:

"House Bill No. 193 of the present session deals with the publication of official notices. A copy of the bill, as enrolled, is attached hereto. During its passage, the bill was amended by the inclusion of a section attempting to fix the rates to be charged private individuals for political advertising.

"I respectfully request a ruling on the following questions:

"1. Is the provision relating to charges made individuals for political advertising valid?

"2. Is the bill, with this provision written into it, valid, or is it invalidated by the inclusion of this amendment?

"This bill has gone out of the possession of the legislature; and the concern of the House and the committee is that if all or part of it shall be held void, what corrective or supplemental legislation may be required before the expiration of this session."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Dallas Blankenship, Page 2

The provision of said House Bill No. 193 relating to "political advertising", is found in Section 1 thereof, and provides as follows:

"All political advertising shall be done at the same rate as legal notices, and under the same supervision and regulations. Political advertising shall include announcements for public office."

It will be noticed that the original Article 29, of the Revised Civil Statutes of Texas, 1925, contains the same identical provisions. The caption of said House Bill No. 193 indicates that Article 29, as referred to, is to be amended. A continuation of the caption gives some indication that a limitation on the scope of the amendment was intended. However, this is not altogether clear from a reading of the entire caption.

We have carefully considered both the caption and the provisions of House Bill No. 193, relating to "political advertising." Although we have some doubts regarding the constitutionality of the provisions of the Act inquired about in your first question, we are not prepared to say that they are unconstitutional, at any rate, our attention has not been directed to any provision of the Constitution which it is claimed said provisions controvene.

In construing the constitutionality of an Act of the Legislature, one of the fundamental rules is that every reasonable doubt as to the validity of the Act must be resolved in favor of sustaining it. Logan v. State, 111 S. W. 1028; Marrs v. Munne, 25 S. W. (2d) 215.

We quote from our Conference Opinion No. 3081, as follows:

"This department, when 'called upon to pronounce the invalidity of an act of legislation, passed with all the forms and ceremonies requisite to give it the force of law, will approach the question with great caution, examine it in every possible aspect, and ponder upon it as long as deliberation and patient attention can throw any new light upon the subject, and never declare a

Honorable Dallas Blankenship, Page 3

statute void unless the nullity and invalidity
of the act are placed, in their judgment, be-
yond reasonable doubt.  A reasonable doubt
must be resolved in favor of the legislative
action, and the act be sustained.'"

We believe this rule and quotation is pertinent to
the question of the invalidity of the provision of House Bill
No. 193 under discussion.

Section 6 of said House Bill No. 193 expressly pro-
vides that if any portion of the Act is held unconstitutional
for any cause whatever it nevertheless was the intention of the
Legislature that the remaining provisions of the Act should not
thereby be affected, and that the Legislature would have passed
the remaining valid provisions of the Act notwithstanding the
unconstitutionality of a portion of the same.  A further examina-
tion of the separate provisions of the Act, we think, show that
the Act is severable and that if the provision relating to "polit-
ical advertising," quoted above, is found to be unconstitutional,
that the remainder of the Act would not thereby be invalid.  39
Tex. Jur. 84-85.

We trust that in this manner we have fully answered
your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUN 19, 1941

*Groom Adlers*

FIRST ASSISTANT
ATTORNEY GENERAL

By *Harold McCracken*

Harold McCracken
Assistant

HM:RS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN